**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

ALFONYA MCCRAY, JR,

Petitioner,

v. CASE NO.: 1:26-CV-81 (LAG)

STATE OF GEORGIA,

Respondent.

## ORDER

Before the Court is a Notice of Removal filed by pro se Petitioner Alfonya McCray, Jr., an inmate confined at the Dougherty County Jail in Albany, Georgia, who is attempting to remove Petitioner's state criminal court case to this Court. (Doc. 1). As discussed below, this action shall be summarily remanded to the Superior Court of Dougherty County, Georgia, because removal is improper. Petitioner's pending motions (Docs. 5–27) before this Court are thus **DENIED**.

## PROCEDURAL BACKGROUND

Petitioner seeks to remove criminal case number 25R802 from the Superior Court of Dougherty County, Georgia, pursuant to 28 U.S.C. §§ 1443, 1446, and 1455.[1] (Doc. 1 at 1). Online records for the Dougherty County Superior Court indicate that Petitioner is indicted on charges of Aggravated Assault, Cruelty to Children in the First Degree, and Cruelty to Children in the Third Degree. PeachCourt, https://www.peachcourt.com/CriminalDocket/index?cno=SUR2025000802&cty=doughe

[1] 28 U.S.C. § 1446 governs the procedure for removal of civil cases. As such, that section is not applicable here. § 1443 allows a state court criminal defendant to remove his criminal prosecution "to the district court of the United States for the district and division embracing the place wherein it is pending" under certain limited circumstances. § 1455 sets forth the procedure for removal of a qualifying criminal prosecution, and § 1447 governs the procedure in federal court after removal.

rty&crt=superior [https://perma.cc/W44N-CYRZ] (last visited July 31, 2026). Petitioner contends that he is a disabled person who is falsely incarcerated and claims that the Albany Police Department, the District Attorney's Office, the local judiciary, the Dougherty County jail staff, and public defense counsel are conspiring to violate his civil rights. (Doc. 1 at 4).

## LEGAL STANDARD

Title 28 U.S.C. § 1443 explains the substantive requirements for removal of a state court criminal case, and 28 U.S.C. § 1455 governs the procedural requirements applicable to such a removal. The removing party carries the burden of showing that removal under § 1443 is proper. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."). Section 1455 requires the Court to examine the notice of removal "promptly," and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). It is plain from the face of the documents submitted by Petitioner in this case that removal is not permitted and that the Court should summarily remand this case.

## DISCUSSION

First, Petitioner's request for removal is procedurally deficient. A criminal defendant's notice of removal must "contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). Petitioner did not submit any of this information, nor does he explain his failure to submit any of those documents. Petitioner's notice also fails to provide adequate substantive grounds for removal. "Removal of state-court criminal prosecutions is permissible in only rare circumstances." *Austin v. Stapleton*, 628 F. Supp. 3d 702, 705 (E.D. Mich. 2022) (internal quotation marks omitted). Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant

> to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Removal under § 1443(1) requires satisfaction of a two-part test, and failure to satisfy either prong requires remand to the state court. *See Baker v. Harris Cnty. D.A.*, No. 6:18-CV-10, 2018 WL 3349699, at *2 (S.D. Ga. July 9, 2018), *report and recommendation adopted*, No. 6:18-CV-10, 2018 WL 3978369 (S.D. Ga. Aug. 20, 2018). "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Alabama v. Conley*, 245 F.3d 1292, 1295 (2001) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Such rights do "not include rights of 'general application available to all persons or citizens.'" *Id.* (quoting *Rachel*, 384 U.S. at 792); *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). In other words, "[m]ore general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice." *Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014).

Second, the petitioner must "show that he has been denied or cannot enforce that right in the state courts." *Conley*, 245 F.3d at 1295 (citing *Rachel*, 384 U.S. at 794). "Generally, the denial of the petitioner's equal civil rights must be 'manifest in a formal expression of state law.'" *Id.* (quoting *Rachel*, 384 U.S. at 803). A petitioner must therefore identify "a state enactment, discriminatory on its face, [that] so clearly authorized discrimination that it could be taken as a suitable indication that all courts in that State would disregard the federal right of equality with which the state enactment was precisely in conflict." *Rachel*, 384 U.S. at 804. If the state's action is instead "premised upon a facially neutral state law," the petitioner must show that "the very act of bringing the state

court proceedings will constitute a denial of the rights conferred by the federal statute." *Conley*, 245 F.3d at 1296. Either way, "allegations of corruption or unfairness preceding or during a particular court proceeding do not support removal under § 1443(1)[.]" *Id.* at 1297; *see also Taylor v. Phillips*, 442 F. App'x 441, 442–443 (11th Cir. 2011) ("Blanket charges that a defendant is unable to obtain a fair trial in state court are insufficient to support removal.").

Petitioner makes a conclusory allegation that racial animus is involved in his prosecution in the state courts. The Court does not need to address whether the allegations are sufficient, however, as Petitioner fails to allege facts sufficient to show that removal is appropriate under the second prong of the § 1443(1) test. Petitioner does not identify any facially discriminatory state law or explain how "the very act" of prosecuting Petitioner necessarily violates his federally protected rights. *Conley*, 245 F.3d at 1299 (holding that the petition failed the second prong of § 1443(1) test where petitioner failed to demonstrate that state court proceeding "is itself an act by which his equal civil rights have been violated"); *cf. Rachel*, 384 U.S. at 792–94 (holding that petitioners satisfied second prong of § 1443(1) test because federal civil rights statute prohibited state officials from prosecuting petitioners for their conduct, and thus prosecution itself violated petitioners' rights). Petitioner's claims instead amount to a contention that he is "unable to obtain a fair trial in a particular state court." *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966). Such a contention "is not enough to support removal under § 1443(1)." *Id.* Thus, the Court does not have jurisdiction pursuant to § 1443(1).

Section 1443(2) is not applicable to Petitioner's claims, as that subsection "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Peacock*, 384 U.S. 824. Petitioner has not alleged that he is a federal or state officer or otherwise authorized to act "with or for" such an individual. Petitioner has thus failed to allege that removal is warranted under § 1443(2). *Taylor*, 442 F. App'x at 443 (holding removal was not appropriate under § 1443(2) where Petitioner "has not shown that she is a state or federal officer, or working for one").

## CONCLUSION

Accordingly, Petitioner has failed to show that removal is procedurally or substantively appropriate. This action shall be summarily **REMANDED** to the Superior Court of Dougherty County, Georgia. Petitioner's pending motions (Docs. 5–27) are **DENIED.**

**SO ORDERED**, this 23rd day of October, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**